# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Robert M. Horkovich, Esq.
Rhorkovich@andersonkill.com
212-278-1322

March 19, 2014

Hon. Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York  10007

      Re:    Government Employees Insurance Company, et al. v.
                W.R. Grace & Co. Asbestos Personal Injury Trust, et al.,
                No. 14 CV 1700

Dear Judge Crotty:

      We are writing on behalf of Defendants[1] the WRG Asbestos PI Trust (the "PI Trust") (misidentified as "W.R. Grace & Co. Asbestos Personal Injury Trust" in the Complaint), along with Harry Huge, Lewis Sifford, and Dean Trafelet, who were sued in their capacity as Chapter 11 Trustees of the PI Trust, and the WRG Asbestos PD Trust (the "PD Trust") (misidentified as "W.R. Grace & Co. Asbestos Property Damage Trust" in the Complaint), along with Richard Schiro and Edward B. Cottingham, Jr., who were sued in their capacity as Chapter 11 Trustees of the PD Trust.

      Pursuant to Your Honor's Individual Practices, Rule # 3, A, we respectfully request a pre-motion conference with this Court to allow Defendants to make a Fed. R. Civ. P. 12(b)(6) motion to dismiss all of the Defendants other than the PI Trust.

      The basis for the anticipated motion is:  (i) Plaintiffs Government Employees Insurance Company and Starr Indemnity and Liability Company (as successor in interest to Republic Insurance Company) failed to state a claim against the PD Trust and its trustees because the PD Trust has no rights to the insurance policies (the "Policies") or their proceeds at issue in this insurance coverage declaratory relief action, nor does the PD Trust have any obligations thereunder, and (ii) Plaintiffs failed to state a claim against any of the individual trustees for the PI Trust and the PD Trust because the trustees are at most nominal parties in this action and complete non-parties in their individual capacities.

---

[1]     Anderson Kill is acting as lead counsel at the request of all counsel for the named defendants for the purposes of this motion to dismiss.  Anderson Kill represents the PI Trust and its trustees.  The PD Trust and its trustees also are represented by the law firms of Cox Smith and Barnwell Whaley, both of which are copied below.

New York, NY ■ Ventura, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

nydocs1-1028955.2

**Anderson Kill P.C.**

March 19, 2014
Page 2

        The PI Trust and the PD Trust were formed on or around February 3, 2014, the effective date of the Plan of Reorganization confirmed by the United States District Court for the District of Delaware in the United States Bankruptcy Court for the District of Delaware in the matter of In re W. R. Grace & Co., et al., Case No. 01-1139 (JKF). Pursuant to section 524(g) of the Bankruptcy Code, the asbestos liabilities of the debtor, W. R. Grace & Co. ("Grace"), are channeled into the trusts and separately funded by specified assets of Grace.

        Plaintiffs initiated this insurance coverage action in the Supreme Court of New York, New York County. Plaintiffs failed to perfect service on Defendants and instead attempted service on Defendants through Grace at its headquarters. As a courtesy, Grace forwarded the Complaint to Defendants no earlier than February 25, 2014. Defendants removed the state action under 28 U.S.C. § 1332 on March 12, 2014.

        During a meeting between the parties on March 5, 2014, counsel for Defendants requested Plaintiffs' counsel to remove the PD Trust and the individual trustees for both trusts from the Complaint. Plaintiffs thus far have declined to do so, necessitating a motion to dismiss.

        Defendants' anticipated motion to dismiss will, first, seek to dismiss the PD Trust and its trustees because there is no – and can be no – actual controversy between the PD Trust and Plaintiffs. The PD Trust has no right to make a claim against the Policies nor any right to receive any payments under the Policies. The Plan of Reorganization, which is subject to judicial notice in the determination of a 12(b)(6) motion, specifically preserves all "Asbestos Insurance Rights", including all claims and causes of action asserted or to be asserted, solely for the benefit of the PI Trust as provided for in the Plan's "Asbestos Insurance Transfer Agreement", to which the PD Trust is not a party. No insurance assets, including "Asbestos Insurance Rights", are listed in the Plan's list of funding for the PD Trust. Contrary to the Complaint, the PD Trust has not made a claim, will not make a claim, and cannot make a claim under the Policies. Furthermore, Plaintiffs knew or should have known the foregoing prior to filing the Complaint, when they received notice of the Plan.

        Second, Defendants will seek to dismiss all of the individual trustees for both the PI Trust and the PD Trust because the Trustees are, at most, nominal parties in this insurance coverage action. None of the factual allegations of the Complaint, including the sole cause of action, even mentions or refers to the trustees; other than the introductory paragraph. Indeed, the trustees are not even included in "The Parties" section of the Complaint. Furthermore, as set forth in the caption and the introductory paragraph, the Trustees are not being named in any individual capacity. Accordingly, the Trustees are unnecessary parties whose inclusion is a waste of judicial resources and an unjustifiable burden on those individuals.

nydocs1-1028955.2

**Anderson Kill P.C.**

March 19, 2014
Page 3

      Thus, even setting aside the numerous factual errors in the Complaint, Defendants should be entitled to bring a motion to dismiss the PD Trust and all of the individually named Trustees for both the PD Trust and the PI Trust.

      We look forward to the anticipated pre-motion conference and are available to answer any questions or comments beforehand.

                                    Respectfully submitted,

                                    /s/ Robert M. Horkovich

                                    Robert M. Horkovich

RMH:vn

cc:    Eileen T. McCabe, Esq.
        Britt A. Eilhardt, Esq.
        Mendes & Mount, LLP
        750 Seventh Avenue
        New York, NY 10019
        (212) 261-8000
        *Attorneys for Plaintiffs Government Employees Insurance Company and Starr Indemnity and Liability Company (as successor in interest to Republic Insurance Company)*

| | |
|---|---|
| Deborah D. Williamson, Esq. | M. Dawes Cooke, Jr., Esq. |
| Meghan Bishop DeBard, Esq. | Barnwell Whaley Patterson & Helms, LLC |
| Cox Smith Matthews Incorporated | |
| 112 E. Pecan Street, Suite 1800 | 288 Meeting Street |
| San Antonio, TX 78205 | Charleston, SC 29401 |
| Telephone: 210-554-5275   -and- | Telephone: 843-577-7700 |

*Attorneys for Defendants WRG Asbestos PD Trust, Richard Schiro, and Edward B. Cottingham, Jr.*

nydocs1-1028955.2