UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY; STARR INDEMNITY & LIABILITY COMPANY (as successor in interest to Republic Insurance Company), <br><br>                                     Plaintiffs, <br><br> - against - <br><br> W.R. GRACE & CO. ASBESTOS PERSONAL INJURY TRUST; HARRY HUGE, LEWIS SIFFORD, and DEAN TRAFELET (in their capacity as Chapter 11 Trustees of the W.R. Grace & Co. Asbestos Personal Injury Trust); W.R. GRACE & CO. ASBESTOS PROPERTY DAMAGE TRUST; RICHARD SCHIRO (Class 7A Trustee) and EDWARD B. COTTINGHAM, JR. (Class 7B Trustee) (in their capacity as Chapter 11 Trustees of the W.R. Grace & Co. Asbestos Property Damage Trust); DOE INSURERS 1-50, <br><br>                                     Defendants. | No. 14 CV 1700 (PAC) <br><br> **ANSWER AND COUNTERCLAIMS OF WRG ASBESTOS PI TRUST** <br><br> **Jury Trial Demanded** |

Defendant WRG Asbestos PI Trust (the "PI Trust") (misidentified as "W.R. Grace & Co. Asbestos Personal Injury Trust" in the Complaint), by and through its undersigned attorneys, answers Plaintiffs Government Employees Insurance Company's and Starr Indemnity & Liability Company (as successor in interest to Republic Insurance Company)'s ("Plaintiffs") Complaint as follows:

### "NATURE OF THE ACTION"

1.      Paragraph 1 of the Complaint does not plead facts and therefore requires no response. To the extent a response is required, the PI Trust denies that its name is the "W.R. Grace Asbestos Personal Injury Trust". The PI Trust further denies that the relief sought by Plaintiffs concern the W.R. Grace & Co. Asbestos Property Damage Trust, Richard Schiro,

Edward B. Cottingham, Jr., Harry Huge, Lewis Sifford, and Dean Trafelet. Otherwise, the PI Trust denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint does not plead facts and therefore requires no response. To the extent a response is required, the PI Trust denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. The PI Trust admits the allegations in paragraph 3 of the Complaint.

4. The PI Trust admits that the allegations in paragraph 4 of the Complaint, but denies that the "Asbestos PI Trust" and the "Asbestos PD Trust" are the full names of the trusts.

5. With respect to paragraph 5 of the Complaint, the PI Trust admits that W. R. Grace & Co. was engaged in litigation in New York with some of its insurance companies regarding the partial resolution of insurance coverage as to certain underlying "Alleged Asbestos Claims" and entered into settlements with certain of those insurance companies for substantial consideration paid by the settling insurance companies for the resolution of asbestos claims.

6. Paragraph 6 of the Complaint does not plead facts and therefore requires no response. To the extent a response is required, the PI Trust denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

### "THE PARTIES"

7. The PI Trust, upon information and belief, admits the allegations in paragraph 7 of the Complaint.

8. There is no paragraph 8 in the Complaint.

9. The PI Trust, upon information and belief, admits the allegations in paragraph 9 of the Complaint.

10. With respect to paragraph 10, the PI Trust admits that it and the WRG Asbestos PD Trust are Delaware statutory trusts. Except as expressly admitted herein, paragraph 10 calls for a legal conclusion and therefore requires no response.

11. The PI Trust denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

### "JURISDICTION, VENUE and APPLICABLE LAW"

12. Paragraph 12 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent a response is required, the PI Trust denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent a response is required, the PI Trust denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

### "THE UNDERLYING ALLEGED ASBESTOS CLAIMS"

14. The PI Trust admits the allegations in paragraph 14 of the Complaint.

15. Upon information and belief, the PI Trust admits the allegations in paragraph 15 of the Complaint.

16. Upon information and belief, the PI Trust admits the allegations in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent a response is required, the PI Trust denies knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. The PI Trust denies the allegations in paragraph 18 of the Complaint.

19. The PI Trust denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, but admits that the PI Trust will demand reimbursement from Plaintiffs for costs incurred as "ultimate net loss" under the relevant insurance policies Plaintiffs sold to W. R. Grace & Co.

20. With respect to the allegations in paragraph 20 of the Complaint, the PI Trust denies that the "Grace Trusts" collectively have undertaken the obligations and liabilities of W. R. Grace & Co. with regard to "Alleged Asbestos Claims".

### "FIRST CAUSE OF ACTION"
**(Declaratory Relief as Against the Grace Trusts)**

21. The PI Trust repeats prior responses in paragraph 1 through 20 above as if fully set forth here.

22. The PI Trust denies the allegations in paragraph 22 of the Complaint.

23. The PI Trust denies the allegations in paragraph 23 of the Complaint.

24. The PI Trust denies the allegations in paragraph 24 of the Complaint.

25. The PI Trust denies the allegations in paragraph 25 of the Complaint.

26. The PI Trust denies the allegations in paragraph 26 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

27. Plaintiffs' claims should be dismissed to the extent they fail to state any claim upon which relief can be granted against the PI Trust.

## SECOND AFFIRMATIVE DEFENSE

28.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of wavier, laches, or acquiescence.

## THIRD AFFIRMATIVE DEFENSE

29.     Plaintiffs' claims are barred in whole or in part by the doctrine of equitable estoppel.

## FOURTH AFFIRMATIVE DEFENSE

30.     Plaintiffs are barred from obtaining the relief it seeks because of its unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

31.     Plaintiffs' claims are barred, in whole or in part, by fraud.

## SIXTH AFFIRMATIVE DEFENSE

32.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitation.

## FIRST COUNTERCLAIM
### (Declaratory Judgment)

33.     The PI Trust repeats and realleges the allegations in the above paragraphs as if set forth fully herein.

34.     Defendant WRG Asbestos PI Trust (the "PI Trust") is a Delaware statutory trust with its principal place of administration in the District of Columbia.

35.     The PI Trust was formed on or around February 3, 2014, the effective date of the Plan of Reorganization confirmed by the Memorandum Opinion of January 30, 2012 (by the Honorable Ronald L. Buckwalter) of the United States District Court for the District of Delaware in the United States Bankruptcy Court for the District of Delaware matter of In re W. R. Grace & Co., et al., Case No. 01-1139 (JKF) (the "Bankruptcy Action").

36. Grace faced claims for, among other things, liquidated damages (the "Underlying Claims") imposed upon it because of bodily injuries allegedly incurred by thousands of individuals from exposure to asbestos (the "Underlying Claimants").

37. As a result of the Underlying Claims, Grace sought protection under the Bankruptcy Code in the Bankruptcy Action in order to consolidate its liability for present and future asbestos personal injury claims in a trust established pursuant to 11 U.S.C. § 524(g) of the Bankruptcy Code.

38. The objective of 11 U.S.C. § 524(g) is to discharge the debtor from liability for present asbestos claims and channel liability for future asbestos claims to a trust which would assume those liabilities. Simultaneously, a channeling injunction is issued requiring that all claims after the date of confirmation of the plan be made only against the Trust. Before approving a plan under section 524(g), however, the court must ensure that "the trust will value, and be in a financial position to pay, present claims and future demands that involve similar claims in substantially the same manner." 11 U.S.C. § 524(g)(2)(B)(ii)(V). To protect the rights of future claimants, the Bankruptcy Court appointed a legal representative to evaluate the plan proposal and make sure the Trust treated future claimants similarly to present claimants, including ensuring the same size payment for similar diseases.

39. In accordance with Memorandum Opinion and the Plan of Reorganization, the asbestos personal injury liabilities of the debtor Grace are channeled into the PI Trust and funded by specified assets of Grace, including the right to recover under certain insurance policies (the "Policies") sold by Plaintiffs. The PI Trust operates exclusively for the benefit of asbestos personal injury claimants, and all insurance recoveries are for the benefit of those claimants.

40. The PI Trust now is the sole entity responsible for the resolution of Grace's asbestos personal injury liabilities pursuant to the Plan of Reorganization's WRG Asbestos PI Trust Distribution Plan setting out the total allowed liquidated value of claims approved by the PI Trust.

41. The PI Trust now is the sole remaining entity with the right to recover insurance proceeds from the Policies pursuant to the Plan of Reorganization's Asbestos Insurance Transfer Agreement.

42. Plaintiff Government Employees Insurance Company sold at least the following liability insurance policies insuring the Underlying Claims:

| Policy Number | Policy Period |
| --- | --- |
| GXU30031 | 06/30/81 – 06/30/82 |
| GXU30152 | 06/30/82 – 06/30/83 |
| GXU30267 | 06/30/83 – 06/30/84 |

43. Plaintiff Starr Indemnity & Liability Company, as successor in interest to Republic Insurance Company sold at least the following liability insurance policies insuring the Underlying Claims:

| Policy Number | Policy Period |
| --- | --- |
| CDE0749 | 06/30/83 – 06/30/84 |
| CDE0750 | 06/30/83 – 06/30/84 |

44. Grace paid all amounts due in insurance premiums for the Policies.

45. Grace and the PI Trust have complied with all applicable conditions precedent, if any, contained in the Policies.

46. Plaintiffs received timely notice of the claims for bodily injury asserted by the Underlying Claimants.

47. Under the Policies, Plaintiffs promised to pay the "ultimate net loss" in excess of the underlying umbrella limits resulting from "bodily injury" or "personal injury" caused by an "occurrence" that took place during the policy period.

48. The Policies sold by Plaintiffs provide insurance coverage for all sums, including "all sums" paid in settlement that the PI Trust became legally obligated to pay as damages because of, among other things, bodily injury, personal injury, and other damage. Plaintiffs also are obligated to investigate, defend, and pay the PI Trust's defense costs in connection with the Underlying Claims pursuant to ultimate net loss provisions or similar provisions contained in the Policies. The damages that Grace and the PI Trust have sustained or will sustain reasonably are believed by the PI Trust to exceed the underlying limits beneath the Policies, thereby requiring the Policies meet their insuring obligations. The Policies also are required by their explicit terms and otherwise to drop down and cover all sums, costs and expenses arising out of or resulting from the Underlying Claims regardless of whether or not any underlying insurance policy has been exhausted, by payment or otherwise, or has been held liable to cover such sums, costs and expenses.

49. Plaintiffs have denied or failed to provide coverage for their liability arising from the PI Trust's ultimate net loss, including without limitation, all sums spent in settlement or in satisfying verdicts or judgments and the PI Trust's defense and investigation costs, arising out of or in connection with the Underlying Claims.

50. Plaintiffs' defenses to coverage are without factual or legal merit.

51. By reason of the foregoing, an actual and justiciable controversy exists between the PI Trust and Plaintiffs regarding Plaintiffs' obligations to provide coverage for the ultimate net loss arising from the Underlying Claims.

52. The PI Trust seeks a judicial declaration from this Court that Plaintiffs are obligated to perform their contractual obligations under the Policies and pay as "ultimate net loss" the costs and expenses, including without limitation the costs of investigation, defense and legal liabilities, arising from or in connection with suits, actions, causes of action and demands, asserted against the PI Trust, and which will in the future be asserted against the PI Trust, seeking damages because of bodily or personal injury. The damages are alleged to have taken place during one or more of the Plaintiffs' policy periods. The PI Trust also seeks declarations as to its rights under the Policies in accordance with the contractual provisions of the Policies, insuring obligations implied or imposed by law, and the reasonable expectations of the PI Trust.

## SECOND COUNTERCLAIM
### (Breach of Contract)

53. The PI Trust repeats and realleges the allegations in the above paragraphs as if set forth fully herein.

54. The PI Trust further seek damages for breach of contract against Plaintiffs for failing or refusing to meet their true obligations to pay the PI Trust's costs and expenses of investigation and defense and for legal liabilities that have been, and may in the future be, imposed by law upon the PI Trust, or have engaged in other breaches of their insuring obligations, all in connection with the Underlying Claims.

55. The PI Trust has performed all of its duties consistent with the terms and conditions of the Policies.

56. Plaintiffs have breached the Policies by refusing or failing to honor the terms of the Policies and denying or failing to provide coverage for liability arising from the Underlying Claims.

57. As a direct and proximate result of Plaintiffs' breaches of their obligations under the Policies, which are continuing to at least the date of this counterclaim, the PI Trust has suffered direct damages.

58. Further, as a result of the Underlying Claims, the PI Trust has sustained injury and monetary damages.

59. The PI Trust further has incurred costs and expenses by Plaintiffs' failure to provide coverage up to the Policies' limits.

60. To the extent that Plaintiffs' Complaint asserts defenses that they allege preclude coverage, none of these alleged defenses are accurate or preclude or limit the coverage owed to the PI Trust under the Policies, and the PI Trust has sustained injury and incurred costs by countering these assertions.

61. Plaintiffs are obligated to contribute to the PI Trust the amount of no less the full limits of the Policies totaling no less than $39.6 million.

62. By reason of the foregoing, Plaintiffs are liable to the PI Trust for compensatory and consequential damages, including, but not limited to reasonable attorneys' fees and expenses in amounts as yet to be ascertained and determined at trial.

## DEMAND FOR JURY TRIAL

63. The PI Trust hereby demand a trial by jury on all causes of action.

## REQUEST FOR RELIEF

**WHEREFORE**, the PI Trust respectfully requests that this Court enter judgment in its favor and against Plaintiffs as follows:

64. With respect to the First Cause of Action, a declaration that Plaintiffs are obligated to provide coverage in accordance with the terms of the Policies for the total amount of liability to which the PI Trust is subjected, as set out in the total allowed liquidated value of

claims approved by the PI Trust and including without limitation, all sums paid in settlement and reimbursement of defense and investigation of the Underlying Claims.

65. With respect to the Second Cause of Action for breach of contract, an award against Plaintiffs of compensatory, direct, and consequential damages, including costs of suit, attorneys' fees and costs, in an amount to be determined at trial, plus pre and post-judgment interest.

66. All other relief in law or equity that this Court may deem just and appropriate.

Dated: New York, New York
March 19, 2013

By: /s/ Robert M. Horkovich
Robert M. Horkovich, Esq.
Robert Y. Chung, Esq.

ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-278-1000

Attorneys for Defendant
WRG Asbestos PI Trust