

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-3-13

WWW.MENDES.COM

Eileen T. McCabe
212-261-8000
eileen.mccabe@mendes.com

March 24, 2014

Hon. Paul A. Crotty
United State District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, NY 10007

SO ORDERED: 4-3-13

_____
HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

    RE:    Government Employees Insurance Company, et al. v.
W.R. Grace & Co. Asbestos Personal Injury Trust, et al.,
No. 14 CV 1700

Dear Judge Crotty:

    We are writing on behalf of Plaintiffs Government Employees Insurance Company ("GEICO") and Starr Indemnity and Liability Company (as successor in interest to Republic Insurance Company) ("Republic").

    We write in response to the correspondence requesting a pre-motion conference from counsel for the WRG Asbestos PI Trust ("PI Trust") dated March 19, 2014.

    Plaintiffs maintain that the PI Trust's request for a pre-motion conference, and any potential motion to dismiss certain defendants, is unnecessary given the circumstances outlined below.

    As an initial matter, we would like to advise the Court that we have cooperated with Defendants with regard to their requests expressed during the March 5, 2014 teleconference. We have been in contact with counsel for the PI Trust several times since then to inform of our status in responding to their requests.

    In light of the representations made and positions taken by Defendants' counsel during the March 5 teleconference, as well as in the correspondence to Your Honor, our clients agree to dismiss without prejudice: 1) the W.R. Grace & Co. Asbestos Property Damage Trust ("PD Trust"); 2) Harry Huge, Lewis Sifford, and Dean Trafelet (in their capacity as Chapter 11 Trustees of the W.R. Grace & Co. Asbestos Personal Injury Trust); and 3) Richard Schiro (Class 7A Trustee) and Edward B. Cottingham, Jr. (Class 7B Trustee) (in their capacity as Chapter 11 Trustees of the

March 24, 2014
Page 2

W.R. Grace & Co. Asbestos Property Damages Trust) (collectively as to 2 and 3 "Trustees").

In order to avoid unnecessary motion practice, Plaintiffs respectfully request that the Court permit Plaintiffs' filing of a stipulation of dismissal as to the PD Trust and Trustees. As of this time, our clients are assessing whether the filing of a motion to remand is appropriate and request that the dismissal of the PD Trust and Trustees take place after the filing of such motion, should one be filed.

Should Your Honor have any questions, please feel free to contact the undersigned.

Very truly yours,

MENDES & MOUNT, LLP

Eileen T. McCabe
(EM 0875)

cc: Robert M. Horkovich, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020
*Attorneys for Defendants WRG Asbestos PI Trust, Harry Huge, Lewis Sifford, and Dean Trafelet*

Deborah D. Williamson, Esq.
Meghan Bishop DeBard, Esq.
Cox Smith Matthews Incorporated
112 E. Pecan Street, Suite 1800
San Antonio, TX 78205

M. Dawes Cooke, Jr., Esq.
Barnwell Whaley Patterson & Helms, LLC
288 Meeting Street
Charleston, SC 29401
*Attorneys for Defendants WRG Asbestos PD Trust, Richard Schiro, and Edward B. Cottingham, Jr.*