# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Robert M. Horkovich, Esq.
Rhorkovich@andersonkill.com
212-278-1322

April 23, 2014

Hon. Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

Re: AXA Belgium, et al. v. WRG Asbestos PI Trust, et al.,
No. 14 CV 1700 (PAC)

Dear Judge Crotty:

We are writing on behalf of Defendant the WRG Asbestos PI Trust (the "Trust"). Pursuant to Your Honor's Individual Practices, Rule # 3, A, we respectfully request a pre-motion conference with this Court to permit the Trust to make a Fed. R. Civ. P. 12(b)(6) motion to dismiss the Amended Complaint of Plaintiffs Government Employees Insurance Company, Starr Indemnity & Liability Company (as successor in interest to Republic Insurance Company), and AXA Belgium (as successor to Royale Belge) (collectively "Insurance Company Plaintiffs") or, in the alternative, to place the matter on a deferred or suspense calendar.

The basis for the anticipated motion is that the Amended Complaint's sole cause of action for "Declaratory Relief as Against the PI Trust" is premature in that it is based upon potential events that may occur in the future and, therefore, constitutes an unjusticiable controversy.

Specifically, the Amended Complaint prays for relief in the form of a declaration "that the PI Trust has not exhausted all applicable underlying retentions and/or insurance under any of the policies for any of the Alleged Asbestos Claims." Amended Complaint, "Wherefore" clause, ¶ 7 at 7. In support thereof, the Insurance Company Plaintiffs allege that "W.R. Grace and/or the PI Trust have not exhausted all applicable self-insured retentions and/or applicable insurance underlying the policies issued by Plaintiffs." Amended Complaint, ¶ 17 at 4. Indeed, the sole cause of action for declaratory relief sets out defenses to coverage which presume the "lack of proper exhaustion". Amended Complaint, ¶¶ 22-23 at 5.

Accepting as true the allegations within the Amended Complaint, the excess liability insurance policies sold by the Insurance Company Plaintiffs have not been reached (or attached) by existing "Alleged Asbestos Claims". As a result,

**Anderson Kill P.C.**

April 23, 2014
Page 2

according to the Insurance Company Plaintiffs' Amended Complaint, the time for their action is not yet ripe.

Furthermore, the Insurance Company Plaintiffs cannot confirm that the Trust has made a demand upon them for payment of an approved asbestos claim, because the Trust has not done so.[1] The PI Trust first became effective less than 10 weeks ago on February 3, 2014, the effective date of the Plan of Reorganization confirmed by the United States District Court for the District of Delaware in the United States Bankruptcy Court for the District of Delaware in the matter of In re W. R. Grace & Co., et al., Case No. 01-1139 (JKF) (the "Grace Bankruptcy"). Pursuant to section 524(g) of the Bankruptcy Code, the asbestos personal injury liabilities of the debtor, W. R. Grace & Co. ("Grace"), are channeled into the Trust and funded by specified assets of Grace.

Despite the Trust having been in existence for less than two weeks before the date of the Insurance Company Plaintiff's original complaint and without any communication whatsoever between the Insurance Company Plaintiffs and Trust – and **no** demand whatsoever by the Trust – this lawsuit was filed by the Insurance Company Plaintiffs. The Trust had yet to process a single asbestos claim, let alone make a demand for payment upon which the Insurance Company Plaintiffs could have denied coverage under their excess liability policies.

The Insurance Company Plaintiffs only can allege that the Trust "**will** demand reimbursement" – at some time in the future unspecified by them – while at the same time alleging that their policies have not been attached by existing "Alleged Asbestos Claims" and rules of insurance allocation.

The Amended Complaint asks that this Court issue an opinion advising what the law should be on a hypothetical state of facts. Because the Amended Complaint on its face fails to allege facts stating a present harm to the Insurance Company Plaintiffs, the Amended Complaint should be dismissed or, at the very least, placed on a suspense calendar or deferred until the issue becomes ripe for the Court to determine in the future.

Deferring the matter also will result in a more efficient resolution of this case by allowing the Trust to make an appropriate demand in the future to the two remaining unsettled solvent insurance companies, HDI-Gerling Industrie Versicherung Ag and National Casualty Company (neither of which would defeat diversity), still potentially liable for the Trust's underlying asbestos claims. If and when appropriate,

---

[1] Previously in the "Grace Bankruptcy" (defined herein), the Official Committee of Asbestos Personal Injury Claimants made settlement offers to the Plaintiffs based upon anticipated future claims.

**Anderson Kill P.C.**

April 23, 2014
Page 3

the Trust can then join them to this action and litigate against all of the remaining unsettled solvent insurance companies as a whole at the same time in the same action.

We look forward to the anticipated pre-motion conference and are available to answer any questions or comments beforehand.

Respectfully submitted,

/s/ Robert M. Horkovich

Robert M. Horkovich

RMH:vn

cc:   Eileen T. McCabe, Esq.
      Britt A. Eilhardt, Esq.
      Mendes & Mount, LLP
      750 Seventh Avenue
      New York, NY 10019
      (212) 261-8000
      *Attorneys for Plaintiffs GEICO, Republic, and AXA Belgium (as successor to Royal Belge)*