

WWW.MENDES.COM

Eileen T. McCabe
212-261-8000
eileen.mccabe@mendes.com

April 28, 2014

Hon. Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, NY 10007

          RE:    Government Employees Insurance Company, et al. v.
                  W.R. Grace & Co. Asbestos Personal Injury Trust, et al.,
                  No. 14 CV 1700

Dear Judge Crotty:

      We are writing on behalf of Plaintiffs Government Employees Insurance Company, Starr Indemnity and Liability Company (as successor in interest to Republic Insurance Company), and AXA Belgium (as successor to Royale Belge) (collectively "Plaintiffs").

      We write in response to the correspondence from counsel for the WRG Asbestos PI Trust ("PI Trust") dated April 23, 2014 which requests a pre-motion conference for permission to file a Fed. R. Civ. P. 12(b)(6) motion to dismiss or, alternatively, requests placing this litigation on a deferred or suspense calendar.

      Plaintiffs oppose the PI Trust's proposed motion to dismiss the Amended Complaint for a number of reasons.

      The parties maintain opposing contentions which naturally constitute an existing, justiciable controversy. It is Plaintiffs' understanding that the PI Trust (and its predecessors)[1] contend that the limits of Plaintiffs' policies will be reached and called upon to pay. By contrast, Plaintiffs filed this action seeking a declaration that, among other things, the policies issued by them will not be reached and otherwise they have no obligation to pay for amounts allegedly incurred by the PI Trust. For example, on the crucial issue of whether the policies underlying Plaintiffs' policies have been exhausted, the PI Trust asserted: "The damages that Grace and the PI Trust *have*

---

[1] Plaintiffs refer to the PI Trust's statement that the Official Committee of Asbestos Personal Injury Claimants made demands on Plaintiffs during the Grace Bankruptcy (as defined in the PI Trust's April 23, 2014 correspondence).

April 28, 2014
Page 2

*sustained or will sustain reasonably are believed by the PI Trust to exceed the underlying limits beneath the Policies*, thereby requiring the Policies meet their insurance obligation." Counterclaims ¶ 48 (emphasis added). In addition, in its Notice of Removal of the case to the Southern District of New York, the PI Trust admitted there is a present controversy between the parties when they asserted that the removal was appropriate because the "amount in controversy exceed[ed] $75,000," the statutory minimum for removal to federal court. Notice of Removal ¶ 3. The PI Trust even affirmatively asserted that, based on the initial Complaint, the amount in controversy was $39.6 million, the total of the policy limits then at issue. Notice of Removal ¶ 3(b).

In its Answer and Counterclaims to the initial Complaint, the PI Trust further admitted: "...an actual and justiciable controversy exists between the PI Trust and Plaintiffs regarding Plaintiffs' obligations to provide coverage..." Counterclaims ¶ 51.

If the PI Trust intends to now maintain that it does not expect its potential asbestos-related liability to reach the Plaintiffs' policies and does not intend to access any portion of the limits of Plaintiffs' policies, then the PI Trust should say so. Absent this proposal, Plaintiffs respectfully request that the Court deny the PI Trust's seeking of leave to file a motion to dismiss.

Should Your Honor have any questions, please feel free to contact the undersigned.

Very truly yours,

MENDES & MOUNT, LLP

Eileen T. McCabe
(EM 0875)

cc: Robert M. Horkovich, Esq.
Robert Chung
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020
*Attorneys for Defendant WRG Asbestos PI Trust*